JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq. / State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:     (510) 839-5200
Facsimile:      (510) 839-3882

Attorneys for Plaintiff
BELINDA GOINS, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELINDA GOINS, individually and as co-successor-in-interest to DAVID GOINS; DAVID GOINS, JR., individually and as co-successor-in-interest to DAVID GOINS; MARTIN GOINS, individually and as co-successor-in-interest to DAVID GOINS; RICHARD GOINS, individually and as co-successor-in-interest to DAVID GOINS, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF ALAMEDA, a municipal corporation; GREGORY J. AHERN, in his capacity as Sheriff for the COUNTY OF ALAMEDA; SIERRY WILHELM, individually and in his official capacity as a sergeant for the COUNTY OF ALAMDEA; ROBERT GRIFFITH, individually and in his official capacity as a deputy sheriff for the COUNTY OF ALAMEDA; MARIO FELIX, individually and in his official capacity as a lieutenant for the COUNTY OF ALAMEDA; and DOES 4-100, inclusive, <br><br> Defendants. | Case No.  C 14-03806 VC <br><br> **FIRST-AMENDED COMPLAINT** <br> **JURY TRIAL DEMANDED** |

JURISDICTION

1.      This action arises under Title 42 of the United States Code, Section 1983.  Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within this judicial district.

PARTIES

2.      Plaintiff herein, **BELINDA GOINS ("MRS. GOINS"),** is and was at all times herein mentioned the wife of decedent DAVID GOINS and is a co-successor-in-interest to Decedent DAVID GOINS.

3.      Plaintiff herein, **DAVID GOINS, JR**., is and was at all times herein mentioned the son of decedent DAVID GOINS and is a co-successor-in-interest to Decedent DAVID GOINS.

4.      Plaintiff herein, **MARTIN GOINS**, is and was at all times herein mentioned the son of decedent DAVID GOINS and is a co-successor-in-interest to Decedent DAVID GOINS

5.      Plaintiff herein, **RICHARD GOINS**, is and was at all times herein mentioned the son of decedent DAVID GOINS and is a co-successor-in-interest to Decedent DAVID GOINS

4.      Defendant **COUNTY OF ALAMEDA** ("COUNTY") is a municipal corporation, duly organized and existing under the laws of the State of California.  Under its authority, the COUNTY operates the Alameda County Sheriff's Department.

5.      At all times mentioned herein, Defendant **GREGORY J. AHERN** ("AHERN") was employed by Defendant COUNTY as Sheriff for the COUNTY.  He is being sued in his official capacity as Sheriff for the COUNTY.

6.      At all times mentioned herein, Defendant **SIERRY WILHELM ("WILHLEM")** was employed by Defendant COUNTY as a sergeant for the COUNTY.  He is being sued in his individual and official capacities.

7.      At all times mentioned herein, Defendant **ROBERT GRIFFITH ("GRIFFITH")** was employed by Defendant COUNTY as a deputy sheriff.  He is being sued in is individual and official capacities.

FIRST AMENDED COMPLAINT
GOINS, et al. v. COUNTY OF ALAMEDA, et al.

2

8.    At all times mentioned herein, Defendant **MARIO FELIX ("FELIX")** was employed by Defendant COUNTY as a lieutenant.  He is being sued in his individual and official capacities.

9.    Plaintiffs are ignorant of the true names and capacities of Defendants DOES 4 through 100, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the names and capacities of DOES 4-100, inclusive, when they have been ascertained.

8.    In engaging in the conduct described herein, Defendant sheriff deputies, sergeant, and lieutenant acted under the color of law and in the course and scope of their employment with the COUNTY.  In engaging in the conduct described herein, Defendants exceeded the authority vested in them as peace officers under the United States and California Constitutions and as peace officers employed by Defendant COUNTY.

9.    Plaintiffs are required to comply with an administrative tort claim requirement under California law.  Plaintiffs have complied with all such requirements.

STATEMENT OF FACTS

10.    On February 17, 2014, between 10:30 p.m. and 11:00 p.m., Decedent DAVID GOINS complained to his wife, Plaintiff BELINDA GOINS, that he was having chest pains.  MRS. GOINS called 911 for an ambulance to come for her husband to get treatment for his chest pains.  Decedent was 60 years old, a retired mechanic, and was readily recognizable as a Hispanic-American male. Decedent was at home, at 97 Paseo Grande in San Lorenzo, California. Decedent was recovering from a brain hematoma, and neurosurgery to remove brain tumors, which occurred about 4 months prior to the subject incident.  As a consequence of the brain hematoma and neurosurgery, Decedent manifested obvious, disabling neurological deficits, which were not present prior to the occurrence of the brain hematoma and the subsequent neurosurgery and removal of brain tumors.  Since suffering the onset of symptoms of the neurological deficits, police, including Alameda County Sheriff's Deputies, had been called to Decedent's residence, where he lived with his wife, on numerous occasions.  Plaintiffs allege that each Defendant present, and particularly Defendant WILHELM, and

Defendant COUNTY, were on notice that Decedent had a mental disability at the time of the subject-incident such that he was a disabled person protected by the Americans with Disabilities Act.

11.     When Paramedics arrived at the scene, Decedent was lying on the ground in the garage.  Paramedics had previously responded to the Decedent at his residence, and they mocked and belittled Decedent.  Decedent decided that he did not want to go with them to the hospital, pushed away from a paramedic, and walked, under his own power, into his house.  Decedent shut the front door behind him.  Defendant Alameda County Deputy Sheriffs then responded to the scene. Plaintiffs allege on information and belief that the Defendant Deputies arrived in response to a call placed by paramedics, alleging that Decedent had resisted them and also asking that a welfare check be performed on Decedent.  The paramedics reportedly locked themselves in their ambulance after Decedent left the ambulance.

12.     Defendant WILHELM and GRIFFITH, as well as other deputies, arrived at the scene. They issued commands over a loudspeaker that Decedent and anyone else in the home exit the home with their hands up.  Meanwhile, Alameda County dispatch contacted Decedent and Mrs. GOINS by telephone inside their residence.  Mrs. GOINS explained that Decedent had recently had brain surgery and that while he had been feeling possible cardiac symptoms earlier, those had abated, and he was fine now.  Dispatch heard Mr. and Mrs. GOINS verbally argue about what was wrong with Decedent and what Decedent should do.  Decedent was on the phone at times while his wife spoke with dispatch.  Mrs. GOINS related that the paramedics had mistreated Decedent.  Mrs. GOINS confirmed with dispatch repeatedly that there were no weapons in the house.  Dispatch reported to all other law enforcement officers at the scene both, that no one other than Decedent and Mrs. GOINS were in the residence, and that Decedent had no weapons, including no guns.

13.     At some point, Defendant Lt. FELIX arrived at the scene.  Mrs. GOINS exited the residence, while Decedent stayed inside the residence.  Mrs. GOINS locked the deadbolts on the door behind her.  A metal screen door remained unlocked.  Mrs. GOINS spoke with Lt. FELIX, who was the scene commander.  She explained all of the foregoing to Lt. FELIX, including, in sum, that there were no weapons in the house, that Decedent was feeling better than he had been, that Decedent's behavior was caused by symptoms from his neurological condition, that Decedent had been drinking

FIRST AMENDED COMPLAINT
GOINS, et al. v. COUNTY OF ALAMEDA, et al.

4

alcohol, that Decedent wanted to be left alone by the police, that Decedent was fearful of being arrested, that Decedent was not an imminent threat to himself or others, and most of all, that the type of help Decedent needed could not reasonably be provided at gunpoint.  At various points in time, Decedent was seen behind a fence in his yard and retreating into his house.  Decedent reportedly verbally threatened to kill the police if they did anything to him.  Decedent did not take any action consistent with trying to leave his home, or trying to cause harm to anyone who was outside of his home.  Even the altercation with the paramedics earlier was a product of Decedent's efforts to get back into his home instead of going to the hospital with the paramedics.  By the time Mrs. GOINS talked with Defendant FELIX, all of the peace officers present at the scene knew that Decedent's behavior was the product of his neurological disability combined with alcohol intoxication.  Every peace officer present had no reason to believe that Decedent had tried or would try to harm anyone who was outside of his residence.  No effort was made by any police officer to get a search warrant for Decedent's home, even though this could have been done telephonically.  Every officer present also knew that alcohol intoxication would run its course over time.

14.    Though Defendants later claimed that Mrs. GOINS gave them permission to enter the residence, Mrs. GOINS never gave any such permission.  Mrs. GOINS was concerned that a militant police response to her husband, in their residence, given her husband's state of mind, could cause the police to be overly aggressive, provoking a defensive reaction from her husband, and result in egregious use of force against her husband.  Any reasonable person, or police officer, would have shared these concerns and conducted himself or herself accordingly.

15.  Instead of considering the consequences of such rash and reckless conduct under these circumstances, Defendant WILHELM, with either the explicit or the tacit approval of Defendant FELIX, ordered that the police ram the Decedent's house door open and arrest him.  Defendant WILHELM had his AR-15 at the ready while several officers, including himself and Defendant GRIFFITH, battered the locked door to the residence open using a battering ram.  Defendant WILHELM claimed that Decedent was hiding out inside the house around the corner from the door, and hit him from out of nowhere with a metal object.  Defendant WILHELM fired a shot from his AR-15, but its clip had dislodged, so he then pulled out his handgun and fired 12 rounds at Decedent.

16.     Defendant GRIFFITH heard Defendant WILHELM's AR-15 go off, but did not recognize it as Defendant WILHELM's gun.  He saw Defendant WILHELM's AR-15 pointing down toward the ground, and in conjunction with the sound of a gunshot, decided that the decedent was shooting Defendant WILHELM, so Defendant GRIFFITH fired several rounds from his handgun.  In fact, Decedent possessed a wooden baseball bat, and had no firearm or any type of edged weapon.

17.     Decedent suffered between 9 to 13 gunshot wounds, and died at the scene.  Defendant WILHELM allegedly suffered a bruise to one of his arms.  No other officer was harmed.

18.     In its subsequent Officer Involved Shooting investigation, Defendant COUNTY identified Decedent as the suspect in an attempted murder, and justified the outrageous response to and killing of Decedent by claiming that Decedent swung a baseball bat at the deputies, inside his own residence.  Defendants' conduct before, during, and after showed absolutely no consideration for the known fact that the Decedent was neurologically disabled and intoxicated and no threat to anyone while alone in his residence.  Defendant COUNTY wrongly sought to justify the forced entry into the residence by claiming that Decedent had several firearms registered in his name.  However, Defendant COUNTY completely failed to address the fact that the current information they possessed was that Decedent was not armed with any firearms, and that there were no reports of Decedent being in possession of a weapon.  Defendant WILHELM unreasonably claimed that because he saw antlers on Decedent's property, he concluded that Decedent was a hunter who was armed with firearms now the Defendants forced entry.  No defendant acknowledged asking Mrs. GOINS whether Decedent was armed, and the COUNTY's own Officer Involved Shooting investigation failed to account for dispatch's report that repeatedly confirmed that Decedent was not armed.

19.     Any reasonable officer knows that any object, whether it is a baseball bat, or a frying pan, can be used as a weapon, provided the officers places themselves in a vulnerable position in close proximity to such an object.  Defendants took no precautions, other than an AR-15 and handguns, to avoid being placed in close proximity to such an object upon their forced entry.  In contending that Decedent had been hiding in order to sneak attack the officers upon their entry into the residence, Defendant COUNTY failed to consider Decedent's known intoxication and neurological disability, and also the fact that in the location where Decedent allegedly sprung from

FIRST AMENDED COMPLAINT
GOINS, et al. v. COUNTY OF ALAMEDA, et al.

6

hiding, there was actually a lounge chair that Decedent was likely simply sitting in while the police rammed open his door.

20.     Decedent was lawfully in his own home, and presented no threat to anyone while lawfully in his own home even if left unattended prior to being shot and killed.  Plaintiffs allege that no reasonable deputy would have forced entry into Decedent's home under these circumstances in the manner in which these deputies did, that Decedent never presented any potentially lethal threat to anyone that could justify the use of deadly force, and that each Defendant Deputy involved disregarded Decedent's known disabilities, thereby unreasonably provoking a violent confrontation.

21.     Plaintiffs further allege that the Defendants WILHELM and GRIFITH shot Decedent an excessive number of times, whether or not Decedent was armed or threatening with a baseball bat. Plaintiffs further allege that each Defendant had the reasonable opportunity and means to exit the residence without engaging in a violent confrontation, but did not.  Plaintiffs further allege that each Defendant was reasonably on notice that no one in the house was in any danger prior to their entry, and that any medical condition Decedent was suffering from that caused the call to emergency to be placed at the outset was an insufficient basis to provoke a violent confrontation with Decedent. Plaintiffs allege that the violent confrontation was a foreseeable consequence of each deputy's conduct in entering Decedent's home.

22.     After the shooting, the involved Defendant Deputies failed to procure medical treatment for Decedent.  They left him in the house, unattended by medical personnel.  Eventually Decedent was pronounced dead at the scene; hours after the gunshots were fired.

23.     MRS. GOINS suffered shock and severe emotional distress being contemporaneously present when the deputies forced her out of the way, forced entry into the residence, and killed her husband.  Mrs. GOINS had contacted her adult children (Plaintiffs DAVID GOINS, Jr., MARTIN GOINS, and RICHARD GOINS) and kept them updated regarding their father's circumstances, that an ambulance had been called, that he did not want to go with the ambulance, and that the police had come.  Plaintiffs DAVID, MARTIN, and RICHARD GOINS were all on their way to the scene of the subject-incident, and on the phone with either MRS. GOINS or other people who were present outside the GOINS residence when events preceding the shooting, the shooting itself, and/or events

immediately following the shooting occurred.  They arrived at the scene shortly after the shooting occurred.  Plaintiff DAVID GOINS, JR. heard the sound of the gunshots as he approached the scene in his vehicle, and was aware that his father had been shot.

24.    Plaintiffs DAVID, MARTIN, and RICHARD GOINS were wrongfully kept, at gunpoint, from entering the scene after the shooting, and were available to the involved Defendant Deputies prior to the shooting to communicate with their father, but their potential assistance was ignored.

25.    Plaintiffs MRS. GOINS, DAVID, MARTIN, and RICHARD GOINS all suffered severe emotional distress as a direct result of the involved Defendant Deputies misconduct described herein.

26.    The actions and omissions of the COUNTY OF ALAMEDA and the Defendant Alameda County Deputy Sheriffs were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of the COUNTY OF ALAMEDA and/or other jurisdictions.  The COUNTY OF ALAMEDA was also responsible for Plaintiffs' injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

27.    Plaintiffs allege that Mr. GOINS's death was the result of excessive force used by Defendants WILHELM and GRIFFITH, and was authorized by Defendant FELIX.

28.    Plaintiffs further allege that Mr. GOINS's death was the proximate result of Defendant COUNTY's failure to reasonably train their deputy sheriffs in the proper and reasonable use of force and the making of investigations.  Plaintiffs further allege that these substantial failures reflect Defendant COUNTY's policies implicitly ratifying and/or authorizing the use of excessive force by its police officers and the failure to reasonably train police officers employed by Defendant COUNTY in the making of investigations.

29.   The killing of decedent GOINS described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

DAMAGES

30.   Plaintiffs were physically, mentally, emotionally, and financially injured and damaged as a proximate result of Mr. GOINS's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support.  In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61

31.   Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

32.   Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, plaintiffs are further entitled to recover for damages incurred by decedent before he died as the result of being assaulted and battered, for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived.  For Plaintiffs' Federal claims only, these damages include damages also incurred by decedent consisting of pain, suffering, and disfigurement prior to decedent's death.

33.   As a further direct and proximate result of the negligence, excessive force, and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Mr. GOINS's financial support.

34.   The conduct of the individual defendants was malicious, wanton, and oppressive. Plaintiffs, as decedent's successors in interest, are therefore entitled to an award of punitive damages against said individual defendants.

35.   Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law.  Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988, under the Americans with Disabilities Act, and California Civil Code sections 52 and 52.1.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Survival Action)
(Plaintiffs as Co-Successors-in-Interest to Decedent DAVID GOINS
Against Defendants WILHELM, GRIFFITH and FELIX)

36.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 35 of this Complaint.

37.     Defendants WILHELM, GRIFFITH and FELIX acted under color of law by forcibly entering Decedent's residence, authorizing such entry, and shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b.     The failure to reasonably provide medical aid in the course of seizing Decedent, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(Violations of Plaintiffs' civil rights to familial relationship - 42 U.S.C. section 1983
Against Defendants WILHELM, GRIFFITH, and FELIX)

38.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 37 of this Complaint.

39.     Defendants, acting under color of state law, and without due process of law deprived Plaintiffs of their right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence without any legitimate law enforcement purpose, causing injuries  which resulted in decedent's death, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiffs of their right

FIRST AMENDED COMPLAINT
GOINS, et al. v. COUNTY OF ALAMEDA, et al.

10

to seek redress, all in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(*Monell* - 42 U.S.C. Section 1983
Against Defendant COUNTY)

40.      Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 39 of this Complaint.

41.      Plaintiffs are informed and believe and thereon allege that high ranking COUNTY OF ALAMEDA officials, including high ranking police supervisors such as Defendant AHERN, DOES 51 through 100, and/or each of them, knew and/or reasonably should have known that Defendant Deputy DOES 1-50, and/or each of them, were either not trained or improperly trained in responding to individuals who were mentally impaired or disabled.

42.      Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants AHERN, DOES 51-100, and/or each of them, failed to ensure that the Defendants WILHELM, GRIFFITH, and FELIX were trained or properly trained in responding to individuals who are mentally impaired or disabled, resulting in the violation of the Plaintiffs' rights as alleged herein.

43.      The aforementioned acts and/or omissions and/or deliberate indifference by high ranking COUNTY OF ALAMEDA officials, including high ranking COUNTY OF ALAMEDA Sheriff's Department supervisors, Defendants AHERN, DOES 51-100, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

FIRST AMENDED COMPLAINT
GOINS, et al. v. COUNTY OF ALAMEDA, et al.

11

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

Amendments to the United States Constitution;

b. The right to reasonable medical care occurring in the course of or caused by a Fourth

Amendment seizure

44.     Said rights are substantive guarantees under the Fourth and/or Fourteenth

Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

FOURTH CAUSE OF ACTION
(42 U.S.C. Section 1983
(Plaintiffs, individually against Defendants WILHELM, GRIFFITH, FELIX, and DOES 4-50)

45.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through

44 of this Complaint.

46.     Defendants WILHELM, GRIFFITH, FELIX and DOES 4-50 acted under color of law

by detaining Plaintiffs without lawful justification depriving Plaintiffs and the decedent of certain

constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the

Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

FIFTH CAUSE OF ACTION
(Violation of 42. U.S.C. section 12132)
(Against Defendant COUNTY)

47.     Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 46

of this Complaint.

48.     As against Defendant COUNTY, AHERN, and/or DOES 51-100 in their capacity as

official policy-maker(s) for the COUNTY OF ALAMEDA, Plaintiff further alleges that said

defendants failed to train, supervise, and or discipline Defendants WILHELM, GRIFFITH, and

FELIX, in recognizing symptoms of disability under title II of the Americans With Disabilities Act;

from excluding qualified individuals such as Decedent GOINS from participation in or denial of

benefits of services provided by Defendant COUNTY, or in otherwise discriminating against such

qualified individuals with symptoms of disability recognized under title II of the Americans with

Disabilities act, resulting in the shooting and killing of Decedent GOINS during the course of the

subject-incident and the resulting damages.

49.     At the time the involved Defendant Deputies responded to the GOINS residence, the

Defendant Deputies were faced with no reasonable exigency when they forced entry into the GOINS.

Said defendants had no information, and no reasonable belief, that anyone other than Decedent was

present inside, and were aware of Decedent's disability and the symptoms and manifestations of

Decedent's disability.  The aforementioned conduct of Defendant Deputies excluded Decedent from

participation in, denied Decedent the benefits of Defendant COUNTY's programs and activities,

and/or discriminated against Decedent.

50.     The exclusion, denial of benefits, and/or discrimination against Decedent was by

reason of Decedent's disability.

51.     WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
(C.C.P. Section 377.60 and 377.61
Wrongful Death- Negligence
Against All Defendants)

52.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 51 of this

Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton,

and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

53.     Defendants COUNTY, by and through its agents and employees,  the involved Defendant Deputies'  negligent actions and/or negligent failure to act, as set forth herein-above proximately caused the death of decedent DAVID GOINS, said plaintiffs' respective husband and father.

54.     As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, consortium, attention, services, and support of their respective husband and father, decedent, in an amount according to proof at trial.

55.     As a further actual and proximate result of said defendant's negligence, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

56.     Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1
Against Defendants WILHELM, GRIFFITH and FELIX)

57.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 56 of this Complaint.

58.  The conduct of Defendants WILHELM, GRIFFITH and FELIX as described herein, acting in the course and scope of their employment for Defendant COUNTY, violated California Civil Code Section 52.1, in that through the wrongful assault and battery and killing of plaintiffs' decedent they interfered with plaintiffs' decedent's exercise and enjoyment of his civil rights, and the wrongful detention of Plaintiffs at the scene following the shooting.

59.  As a direct and proximate result of defendants' violation of Civil Code Section 52.1, Plaintiffs, and Decedent suffered violation of constitutional rights, and suffered damages as set forth herein.

60.  Since this conduct occurred in the course and scope of their employment, defendant COUNTY is therefore liable to plaintiffs pursuant to respondeat superior.

61.  Plaintiffs are entitled to injunctive relief, civil penalties, and damages not less than $4,000 per violation, treble damages, statutory penalties of $25,000 each, and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

EIGHTH CAUSE OF ACTION
(Assault and Battery
Against defendants WILHELM, GRIFFITH, and FELIX)

62.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 61 of this Complaint.

63.  Defendants WILHELM, GRIFFITH, and FELIX, inclusive, placed plaintiffs' decedent in immediate fear of death and severe bodily harm by shooting him without any just provocation or cause.

64.  These defendants' conduct was neither privileged nor justified under statute or common law.

NINTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress
Plaintiffs, individually, against Defendants WILHELM, GRIFFITH, FELIX and DOES 4-50)

65.  Plaintiffs, individually, reallege and incorporate by reference herein paragraphs 1 through 64 of this Complaint.

66.  The wrongful conduct of the involved Defendants WILHELM, GRIFFITH, FELIX, and DOES 4-50, inclusive, as set forth herein, constitutes negligent conduct done with conscious

disregard for the rights of said Plaintiffs.  Plaintiffs were contemporaneously aware of the misconduct of said defendants as it occurred and suffered foreseeable harm caused by said Defendants' violations of civil rights, reckless, intentional, and/or negligent misconduct against Decedent GOINS, said plaintiffs' respective husband, and father.

67.     As a proximate result of said Defendants' conduct, Plaintiffs suffered severe emotional and mental distress, having a traumatic effect on said Plaintiffs' emotional tranquility.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

JURY DEMAND

68.     Plaintiffs hereby demand a jury trial in this action.

PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.      For general damages in a sum of $10,000,000.00;

2.      For special damages in a sum according to proof;

3.      For punitive damages in a sum according to proof;

4.      For statutory penalties;

5.      For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

6.      For injunctive relief;

7.      For cost of suit herein incurred; and

8.      For such other and further relief as the Court deems just and proper.


Dated:  January 22, 2015                         **THE LAW OFFICES OF JOHN L. BURRIS**


                                                 /s/ Benjamin Nisenbaum
                                                 John L. Burris, Esq.
                                                 Benjamin Nisenbaum, Esq.
                                                 Attorney for Plaintiffs, BELINDA GOINS, et al.